IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA M. GRIFFITH, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR GENERAL CORPORATION and DOLGENCORP, LLC,<br><br>Defendants. | CIVIL ACTION NO. 2:22-cv-1319 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Dollar General Corporation and Dolgencorp, LLC (collectively "Defendants") hereby remove this case from the Court of Common Pleas for Lawrence County, Pennsylvania, to this Court. In support of this notice of removal, Defendants state as follows:

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

1. On or about August 9, 2022, Plaintiff Melissa M. Griffith ("Plaintiff") commenced a putative class action by filing a complaint in the Court of Common Pleas of Lawrence County, Pennsylvania, titled *Melissa M. Griffith v. Dollar General Corporation and Dolgencorp, LLC*, Case No. 10656-2022 ("State Court Action"). A true and correct copy of the Complaint is attached hereto as part of **Exhibit 1,** pp. 2-21.

2. In her Complaint, Plaintiff asserts claims against Defendants on behalf of herself and all hourly employees in the Commonwealth of Pennsylvania for: (1) violations of Pennsylvania's Wage Payment and Collection Law ("WPCL"), 43 Pa. Stat. §260.1 et seq.; (2)

1

violations of Pennsylvania's Minimum Wage Act ("MWA"), 43 Pa. Stat. § 333.102 et seq.; (3) violations of the MWA's overtime provisions; and (4) unjust enrichment.

3. Defendants were served on August 15, 2022 by certified mail. A true and correct copy of the Sherriff's Return is attached hereto as **Exhibit 2**.

4. Plaintiff is a resident of Edinburg, Pennsylvania. Compl. ¶ 7.

5. Dollar General Corporation is a Tennessee corporation with its principal place of business in Tennessee.[1] *See* Compl. ¶ 8. Thus, Dollar General Corporation is a citizen of Tennessee for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

6. Dolgencorp LLC is a limited liability company formed in the State of Kentucky with its principal place of business in Tennessee. It is wholly-owned by Dollar General Corporation; thus, it is a citizen of Tennessee for the purpose of diversity jurisdiction under 28 U.S.C. § 1332. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (noting that for the purposes of diversity jurisdiction, a limited liability company's citizenship is determined by the citizenship of its members).

7. Removal of this action is appropriate under 28 U.S.C. § 1332(d) because the putative class size exceeds 100; the parties are diverse; and the amount in controversy exceeds $5 million.

II. **BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT OF 2005**

---

[1] When removing a matter, a defendant may assert the proper citizenship of parties even if not provided in the Complaint. *Nusire, v. Bristol W. Ins. Co.*, No. CV 15-2014, 2015 WL 5783688, at *2 (E.D. Pa. Oct. 5, 2015) (denying motion to remand where "Defendants properly [ ] alleged the principal place of business for each corporate Defendant while Plaintiff [ ] failed to allege that either corporation has its sole principal place of business in Pennsylvania, rather than simply conducting business in Pennsylvania.").

8. Defendant avers that this Court has original subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2). There is no presumption against removal under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550, 554 (2014) ("*Dart Cherokee*") ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court"). To the contrary, "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant.'" *Id.* at 554, *quoting* S. Rep. No. 109-14, p. 43 (2005).

9. Under CAFA, this Court has jurisdiction over class actions where any member of the class is a citizen of a state different from any defendant, where the aggregate amount in controversy exceeds the sum of $5 million, exclusive of interest and costs, and the number of members of all proposed plaintiff classes in the aggregate is at least 100 class members. 28 U.S.C. § 1332(d)(2)-(6). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

10. This action is one which may be removed to this Court by Defendants because: (1) the number of members of all proposed plaintiff classes in the aggregate is more than 100 class members; (2) there is diversity of citizenship between Plaintiff and Defendants; and (3) the amount in controversy for all class members exceeds $5,000,000.00.

    A.    **This Involves A Class of Over 100 Members.**

11. CAFA requires that "the number of members of *all proposed plaintiff classes in the aggregate*" be at least 100. 28 U.S.C. § 1332(d)(5)(B) (emphasis added).

12. Plaintiff bring this action on behalf of herself and two putative classes defined as:

> **The Unpaid Wages Class:** "[A]ll individuals employed by Dollar General in Pennsylvania in a non-exempt hourly position who, at any point in the last four years, worked time that they were not compensated for due to Dollar General's time keeping practices[.]"

3

> **The Overtime Class:** "[A]ll individuals employed by Dollar General in Pennsylvania in a non-exempt hourly position who, at any point in the last four years, worked time that they were not compensated for due to Dollar General's time keeping practices and any such unpaid time occurred in a workweek the employee work over forty hours per week[.]"

*See* Compl. ¶ 39.

13. Plaintiff contends that Defendants rounded clocked-in time to the nearest quarter hour and, thus "did not pay Plaintiff or the putative class member at their hourly rates for all hours worked" because they purportedly "eliminated time which Plaintiff and each putative class member were clocked in and working, paying each of them zero dollars ($0.00) per hour instead of their promised hourly wage rate." Compl. ¶¶ 21, 53. Plaintiff contends that "wages earned by Plaintiff and the putative class members, including overtime pay and unpaid wages, remain unpaid by [Defendants] to this day." *Id.* at ¶ 64.

14. The Complaint alleges that "the members of each class . . . are so numerous that individual joinder of all class members is impracticable. . . ." Compl. ¶ 41.

15. Based on Defendants' business records, Defendants can confirm that the alleged members of the classes exceed 100 individuals.

16. For example, during the three-year period applicable to Plaintiff's WPCL and MWA claims between August 9, 2019 to present, Defendants had as many as 33,350 non-exempt employees across 912 stores in the Commonwealth of Pennsylvania who may be considered part of the Unpaid Wages Class and/or the Overtime Class.

17. Thus, CAFA's numerosity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

**B.  The Parties Are Minimally Diverse.**

18. CAFA only requires minimal diversity, i.e., that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, there is at least minimal diversity.

19. Plaintiff is a resident of Pennsylvania, *see* Compl. ¶ 7, and therefore is a citizen of Pennsylvania for diversity purposes. *See Papurello v. State Farm Fire & Cas. Co.*, 144 F. Supp. 3d 746, 752 (W.D. Pa. 2015) ("Citizenship of natural persons is synonymous with domicile, and the domicile of an individual is his true, fixe and permanent home and place of habitation." (internal quotation marks and citations omitted)).

20. Dollar General Corporation and Dolgencorp, LLC are citizens of Tennessee. *See* U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…."); *Zambelli Fireworks Mfg. Co., Inc.*, 592 F.3d at 420.

21. Accordingly, because Plaintiff and Defendants are citizens of different states, minimal diversity exists. 28 U.S.C. § 1332(d)(2)(A); *Papurello*, 144 F. Supp. 3d at 755 ("CAFA requires minimal diversity—i.e., a showing that any class member and any defendant are citizens of different states." (internal quotation marks and citations omitted)).

C. **The Amount In Controversy Is Satisfied.**

22. CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id.* § 1332(d)(2). It further provides that "to determine whether the matter in controversy exceeds the sum or value of $5,000,000," the "claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6).

23. While Defendants deny any liability to Plaintiff, the alleged Unpaid Wage Class, the alleged Overtime Class, or any other putative class in this action,[2] and denies that any class

---

[2] In filing this Notice of Removal Defendants do not concede that it has any liability, let alone liability of greater than $5,000,000, to the members of the alleged Unpaid Wages Class, Overtime Class, Class or any other class alleged in this action. *See, e.g., Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[The defendant] did not have to confess liability in order to show that the controversy exceeds the threshold."); *see also Margulis v. Resort Rental, LLC*, No.

properly could be certified under Federal Rule of Civil Procedure 23, the aggregate amount of relief sought by the Plaintiff and the alleged Unpaid Wages and Overtime Classes exceeds $5,000,000, exclusive of interest and costs. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." (citing 28 U.S.C. § 1446(c)(2)(A))).

24. Plaintiff and the alleged Unpaid Wages Class and Overtime Class seek statutory damages under the WPCL, which provides for an award of unpaid wages, reasonable attorneys' fees, and liquidated damages for each employee "in an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater" in the absence of a "good faith contest or dispute" over the amounts due. 43 P.S. §§260.09a-.10.

25. In the "Prayer for Relief" Plaintiff seeks, among other things, "unpaid wages and unpaid overtime wages," "liquidated damages in any amount equal to twenty-five percent of the total amount of wages due or $500 whichever is greater, pursuant to the [WPCL]", and "[l]itigation costs, expenses, and attorney's fees to the fullest extent permitted under the law." *See* Compl. pg. 15.

26. Here, where the putative classes may be as high as 33,350 non-exempt employees, there needs to be less than a third of those individuals affected (10,001 employees) for the minimum liquidated damages under the WPCL for the class to exceed the sum of $5,000,000 (10,001 x $500 = $5,000,500), and the number could be as a high as $16,675,500 (33,350 x $500);

---

08-1719, 2008 U.S. Dist. LEXIS 115287, at *13 (D.N.J. June 30, 2008) (same). Instead, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing cases).

thus, the jurisdictional requirement of $5,000,000 is met. *See, e.g.*, *Hall v. Best Buy Co., Inc.*, 274 F.R.D. 154, 158 n.2 (E.D. Pa. Mar. 24, 2011) (applying the same analysis).

27. Moreover, the Court can consider Plaintiff's claims for actual damages and attorney's fees in determining whether the amount in controversy is satisfied. *See, e.g., Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 508 n.12 (3d Cir. 2014) (stating that "punitive damages, when available under applicable law, may be considered by a court in assessing federal jurisdiction"). The amount in controversy would further increase based on Plaintiff's class-wide claim for unpaid wages (including overtime) and attorneys' fees and costs. *See* Compl. pg. 15. As this Court has found, "attorney's fees are commonly in the range of 27% to 30% of the direct damages." *Lewis v. Ford Motor Co.,* 610 F. Supp. 2d 476, 485-86 (W.D. Pa. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007)).

28. For instance, while Plaintiff has not alleged specific information regarding the class wide-damages for lost wages that would be included in the amount in controversy, Plaintiff alleges that "[o]ver the course of approximately a year, [she] was not paid for nearly ten hours of work, some of which were overtime hours[.]" Compl. at ¶ 31. She further alleges that her claims are "typical" of the other putative class members. *Id*. at ¶ 43. Plaintiff was generally paid at a rate of $9.50, meaning that over the course of a year assuming all ten hours were paid at her regular rate, her damages for unpaid wages would be at or above $95.00. If 5,000 employees had a similar experience each year, that would be approximately $475,000 per year (5,000 x $95.00) for a total over a three-year period of $1,425,000 (without accounting for overtime). Including Plaintiff's counsel attorneys' fees at 30% of damages, the total amount in controversy well-exceeds $5,000,000 in the aggregate.

29. Thus, this putative class action involves an alleged putative class of more than 100 members, parties that are minimally diverse, and an amount in controversy of more than $5,000,000 in the aggregate, such that the Court has jurisdiction under 28 U.S.C. § 1332, and the action is removable under 28 U.S.C. § 1441(a).

## III. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

30. This action has not previously been removed to federal court.

31. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

32. Defendants filed this Notice of Removal within 30 days of August 15, 2022, the date on Defendants were served. *See* **Exhibit 2**. Accordingly, removal is timely.

33. Removal is properly made to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. § 1441(a) because Lawrence County, the county in which the state court action was pending, is located in the Western District of Pennsylvania. *See* 28 U.S.C. § 118(b).

34. Concurrently with the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), Defendants will (1) file written notice of the filing of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Lawrence County and (2) serve a copy of the Notice of Removal upon counsel for Plaintiff. A copy of the Notice of Filing of Notice of Removal filed with Prothonotary of the Court of Common Pleas of Lawrence County is attached as **Exhibit 3.**

35. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and other process, pleadings, papers and orders that from the State Court Action are attached hereto as **Exhibit 4**.

36. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendants of any fact, of any validity or merits of any of

Plaintiff's claims, causes of action, theory of damages, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendants' rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. Defendants expressly reserve the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

WHEREFORE, Defendants hereby remove the above-captioned action now pending in the Court of Common Pleas of Lawrence County, Pennsylvania to this United States District Court for the Western District of Pennsylvania.

Dated: September 14, 2022                    Respectfully submitted,

*/s/ Adam T. Simons*
Adam T. Simons
Pa. Id. No. 322256
MCGUIREWOODS LLP
500 East Pratt Street, Suite 1000
Baltimore, Maryland 21202
410-659-4417
asimons@mcguirewoods.com

*Counsel for Defendants.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 14, 2022, a true and correct copy of the forgoing was served via U.S. Mail and electronic mail on the following:

Maureen Davidson-Welling, Esq. (#206751)
John Stember, Esq. (#23643)
STEMBER COHN & DAVIDSON-WELLING, LLC
The Hartley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA 15219
Phone: (412) 338-1445 x 15

Patrick J. Perotti, Esq. (OH #0005481)
Nicole T. Fiorelli, Esq. (OH #0079204)
Frank A. Bartela, Esq. (OH #0088128)
Shmuel S. Kleinman, Esq. (OH #0101330)
Pro hac vice motions to be filed
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, Ohio 44077
Phone: (440) 352-3391

*Counsel for Plaintiff*

                                            */s/ Adam T. Simons*
                                            Adam T. Simons